**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4974**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH O. LANGLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (CR-04-73)

Submitted:  October 31, 2006        Decided:  November 21, 2006

Before TRAXLER, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Kimberly Ann Moore, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth O. Langley appeals his conviction and sentence following a guilty plea to conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and 846 (2000). Langley's attorney on appeal has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as potential issues whether the district court complied with Fed. R. Crim. P. 11 and whether the district court erred in considering a prior uncounseled conviction in determining Langley's criminal history points. Langley filed a pro se supplemental brief. Finding no reversible error, we affirm.

First, counsel raises the issue of whether the district court fully complied with Rule 11, but identifies no error in the Rule 11 proceeding and concludes that there was full compliance with the Rule. After a thorough review of the record, we similarly find that the district court complied with the requirements of Rule 11.

Next, counsel questions whether the district court erred in considering a prior uncounseled misdemeanor plea conviction that resulted in a thirty-day suspended sentence in calculating Langley's criminal history points. A defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel. Custis v. United States, 511 U.S. 485, 495

(1994). However, he bears the burden of showing that the prior conviction is invalid. United States v. Jones, 977 F.2d 105, 110-11 (4th Cir. 1992). Langley had to overcome the presumption that the state court informed him of his right to counsel as it was required by statute to do and that, if he was not represented, it was because he waived his right to counsel. See Parke v. Raley, 506 U.S. 20, 28-34 (1992). We find the district court did not err in finding Langley failed to overcome the presumption that the state court informed him of his right to counsel. Thus, the court did not err by considering the prior conviction in calculating Langley's criminal history.

We find Langley's claims in his pro se supplemental brief to be without merit. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Langley's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

- 3 -

materials before the court and argument would not aid the decisional process.

AFFIRMED